# NOTE

**December 22, 2015**
[Date]

Houston,
[City]

Texas
[State]

**4812 Lorca Lane, League City, TX 77573**
[Property Address]

### 1. PARTIES
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **Taylor Morrison Home Funding, LLC, a Limited Liability Corporation**

and its successors and assigns.

### 2. BORROWER'S PROMISE TO PAY; INTEREST
In return for a loan received from Lender, Borrower promises to pay the principal sum of **TWO HUNDRED SIXTY TWO THOUSAND NINE HUNDRED FIFTY SEVEN AND NO/100*************************** ** Dollars (U.S. $262,957.00       ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **THREE AND THREE-FOURTHS** percent ( **3.750 %**   ) per year until the full amount of principal has been paid.

### 3. PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4. MANNER OF PAYMENT
**(A) Time**
Borrower shall make a payment of principal and interest to Lender on the **1st**       day of each month beginning on **February 1, 2016.**       Any principal and interest remaining on the **1st**      day of **January, 2046**       will be due on that date, which is called the "Maturity Date."

**(B) Place**
Payment shall be made at **495 North Keller Rd, Suite 550**
**Maitland, FL 32751**

or at such place as Lender may designate in writing by notice to Borrower.

**(C) Amount**
Each monthly payment of principal and interest will be in the amount of U.S. **$1,217.79.**       This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

**(D) Allonge to this Note for payment adjustments**
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note.
[Check applicable box]    ☐ Graduated Payment Allonge    ☐ Growing Equity Allonge
                                       ☐ Other [specify]

### 5. BORROWER'S RIGHT TO PREPAY
**Borrower has the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When Borrower makes a Prepayment, Borrower will tell the Lender in writing that Borrower is doing so. Borrower may not designate a payment as a Prepayment if Borrower has not made all the monthly payments due under the Note.**

**Borrower may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Lender will use the Prepayments to reduce the amount of Principal that Borrower owes under this Note. However, the Lender may apply the Prepayment to any accrued and unpaid interest on the Prepayment amount before applying the Prepayment to reduce the Principal amount of the Note. If Borrower makes a partial Prepayment, there will be no changes in the due date or in the amount of the monthly payment unless the Lender agrees in writing to those changes.**

### 6. BORROWER'S FAILURE TO PAY
**(A) Late Charge for Overdue Payments**
If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of **15**       calendar days after the payment is due, Lender may collect a late charge in the amount of **FOUR**                percent ( **4.000 %**   ) of the overdue amount of each payment.

FHA Multistate/Texas Fixed Rate Note - 10/95
Ellie Mae, Inc.                                                            Page 1 of 2                                                   TX8700NT 1214
                                                                                                                                          TX8700NT (CLS)
                                                                                                                                          12/21/2015 03:36 PM PST



### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

### 7. WAIVERS

Borrower and any other person who has obligations under this Note waive notice of intention to accelerate and the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

### 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

### 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_Charles R. Tucker_ (Seal)
**CHARLES R TUCKER**

Lender: Taylor Morrison Home Funding, LLC

Loan Originator: Nyoakae Warren

PAY TO THE ORDER OF
Flagstar Bank, FSB
WITHOUT RECOURSE
Taylor Morrison Home Funding, LLC
BY FLAGSTAR BANK, FSB, ITS ATTORNEY IN FACT
_Chantelle Taliaferro_
Chantelle Taliaferro
Warehouse Note Processor
Attorney In Fact under Special Limited Irrevocable Power of Attorney

PAY TO THE ORDER OF

WITHOUT RECOURSE
FLAGSTAR BANK, FSB
BY: _Melinda McNeal_
MELINDA McNEAL
VICE PRESIDENT